1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
8                                      AT SEATTLE

9    SHIRLEY SCHEIER, an individual,

10                  Plaintiff,

11          v.                                          CASE NO. C07-1925-JCC

12   CITY OF SNOHOMISH, a municipal                     ORDER
     corporation, and DARLENE GIBSON, CHUCK
13   MACKLIN, and ALEXANDER ROSS, all
     individuals,
14
                    Defendants.
15

16

17          This matter comes before the Court on Plaintiff's Motion to Reopen Case and Reschedule Trial

18   (Dkt. No. 56), Defendants' Response (Dkt. No. 62), and Plaintiff's Reply (Dkt. No. 65); Defendants'

19   Motion to Enforce Agreed Upon Settlement (Dkt. No. 54), Plaintiff's Response (Dkt. No. 57), and

20   Defendants' Reply (Dkt. No. 61); and Plaintiff's Motion to Amend Protective Order (Dkt. No. 59),

21   Defendants' Response (Dkt. No. 63), and Plaintiff's Reply (Dkt. No. 64). The Court has carefully

22   considered these documents, their supporting declarations and exhibits, and has determined that oral

23   argument is not necessary. The Court finds and rules as follows.

24   **I.     Motion to Reopen**

25          After being notified of settlement, the Court issued a Minute Order on November 24, 2008, which

26   ORDER – 1

stated: "In the event that the settlement is not perfected, any party may move to reopen the case and the trial will be rescheduled, provided that such motion is filed within 30 days of this Order." (Minute Order 1 (Dkt. No. 53).) Plaintiff has now moved, within 30 days of the November 28, 2008 Minute Order, to reopen the case and reschedule trial. (Dkt. No. 56). Because the settlement was not perfected and Plaintiff timely moved to reopen, the Court GRANTS Plaintiff's motion.

## II.    Motion to Enforce Settlement

Defendants ask the Court to enforce the terms of the purported settlement agreement. (Mot. (Dkt. No. 54).) Defendants contend that settlement was premised upon three conditions, all of which were satisfied: (1) payment of $5,000 by the City of Snohomish (the "City") to Plaintiff, (2) a written apology by the City, and (3) a no confidentiality provision for the settlement. (*Id.* at 2.) Plaintiff disputes that a settlement was perfected for two primary reasons. (Resp. 1–2 (Dkt .No. 57).) First, there was in fact no settlement because the parties did not agree as to the scope of the releases, which is a material term. And second, the City failed to comply in good faith with the written apology term because the City refused to provide the apology on City stationary. (*Id.*)

The Court is not inclined to parse through the parties' representations about the settlement proceedings to determine the exact terms upon which the parties agreed. The Court notes that the lack of agreement on the mutuality of the releases is sufficiently material to foreclose enforcement of the purported settlement.[1] Accordingly, Defendants' motion to enforce the settlement is DENIED.

## III.    Motion to Amend Protective Order

Plaintiff moves to amend the parties' stipulated protective order (the "Protective Order") entered by the Court on April 14, 2008. The Protective Order, which applied to certain "Health Care Records,"

---

[1] Moreover, the Court fails to see how an apology on a blank piece of paper and signed by the Chief of Police, without any reference to the City of Snohomish, could constitute a "written apology *by the City* to Plaintiff " as was apparently required. (*See* Mediator email (Dkt. No. 55 at 5) (emphasis added).)

ORDER – 2

restricted the use of such records "solely for the purpose of this litigation." (Protective Order 1 (Dkt. No. 15).) Plaintiff seeks to amend the Protective Order to require Defendants to destroy or return to Plaintiff all of her confidential health care records at the close of this litigation. (Mot. 1 (Dkt. No. 59).) Defendants contend that the records cannot lawfully be destroyed because Washington's Public Records Act and state law governing retention of public records prohibits the destruction the records at issue here. (Resp. 1–2 (Dkt. No. 63).) Defendants assert that Plaintiff's medical records are part of a law enforcement litigation file, which must be retained for a period of ten years. (*Id.* at 3.) Defendants do not, however, object to Plaintiff's proposition that the these medical records be returned to Plaintiff's counsel to be maintained for ten years.

The Court finds that Plaintiff counsel's offer to maintain the medical records for ten years is a reasonable amendment to the Protective Order because it protects Plaintiff's legitimate privacy interests in her confidential medical records while addressing Defendants' concern with record destruction. Accordingly, the Court finds good cause to amend the Protective Order and GRANTS Plaintiff's motion to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court rules as follows:

1. Plaintiff's Motion to Reopen Case and Reschedule Trial (Dkt. No. 56) is hereby GRANTED. Status conference in this matter is SET for March 10, 2009, at 9:00 a.m.

2. Defendants' Motion to Enforce Agreed Upon Settlement (Dkt. No. 54) is hereby DENIED.

3. Plaintiff's Motion to Amend Protective Order (Dkt. No. 59) is hereby GRANTED. The Court ORDERS the Protective Order (Dkt. No. 15) amended as follows: (1) within thirty (30) calendar days following dismissal of this case with prejudice, counsel for Defendants shall return to counsel for Plaintiff all copies of "Health Care Records" produced by Plaintiff or obtained by Defendants from third parties; (2) counsel for Plaintiff shall retain a copy of such records for a period of ten (10) years; (3) counsel for Defendants shall ensure that no copies of the Health Care Records remain in possession of Defendants or their agents following the expiration of such thirty (30) calendar day period.

ORDER – 3

SO ORDERED this 24th day of February, 2009.



John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 4